UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------X
O.B. & E.B. On behalf of their minor child, Y.B.,

                                                  Plaintiffs-Appellants,            COMPLAINT

          -against-

HEWLETT WOODMERE UNION FREE SCHOOL DISTRICT

                                                  Defendant-Appellee.
-------------------------------------------------------------------------------------X

O.B. and E.B. ("Parents"), individually and on behalf of their son, Y.B., by their attorneys, the Law Offices of Susan J. Deedy & Associates, allege the following:

**PRELIMINARY STATEMENT**

1. Plaintiffs bring this action for administrative review under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, and Article 89 of the New York State Education Law seeking reversal of a decision dated June 13, 2024, by the New York State Review Officer ("SRO")[1], which incorrectly reversed the Findings of Fact and Decision ("FOFD") dated March 8, 2024, by New York Impartial Hearing Officer ("IHO") Lassinger. [2]

2. Plaintiffs seek review and reversal of the decision of the SRO.

**JURISDICTION AND VENUE**

3. The Court has subject matter jurisdiction of this matter under 28 U.S.C. §1331, in that claims arise under federal law.

---

[1] The SRO Decision is attached as Appendix A.
[2] IHO Lassinger's FOFD is attached as Appendix B.

1

4. This Court has supplemental jurisdiction over claims arising under New York state law pursuant to 28 U.S.C. §1367.

5. The venue for this action lies in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391. The Eastern District of New York is the judicial district in which both the Defendant and Plaintiffs are situated and in which the claim arose.

6. Plaintiffs bring this action as an aggrieved party under §1415(i)(1) and (2).

7. Plaintiffs have exhausted their administrative remedies, having tried a Due Process hearing before IHO Lassinger and litigated an appeal before the SRO.

8. This action is timely filed within four months of the SRO's decision.

## PARTIES

9. Plaintiffs Y.B. and his parents O.B. and E.B. are not expressly named herein due to the privacy protections guaranteed by the IDEA, and the Family Educational Rights Privacy Act ("FERPA") pursuant to 20 U.S.C. § 1232 (g) and 34 C.F.R. § 99.

10. Plaintiffs reside in Woodmere, New York, within the Hewlett-Woodmere Union Free School District ("District").

11. Y.B. is a "child with a disability" as defined by the IDEA. 20 U.S.C. §1400, *et seq*.

12. The District is the local education agency ("LEA") responsible for providing appropriate special education and related services to children classified under the IDEA as disabled who reside within its boundaries.

## FACTUAL ALLEGATIONS

13. Y.B. is a 15-year old male student who has been classified by the District as a student with Autism. T. 829, Dist. Ex. 9. For the 2021-2022 school year, he was placed at Yad

Yisroel in New York. T. 831. During the summer of 2022, Parents contacted the District to enroll Y.B. in the District. T. 832. At the start of the 2022-2023 school year, he was placed at the District's middle school. T. 830.

14. Y.B. attended the summer school ("ESY") program at the middle school in an 8:1:1 class. T. 833, Dist. Ex. 11. He was evaluated by the District during the summer 2022. T. 834, Dist. Ex. 19.

15. A CSE meeting was held on August 23, 2022, in which the District recommended placement in a 12:1:1 class for ELA, reading and math and a 15:1:1 class for social studies and science. Dist. Ex. 9.

16. Y.B. attended the District's placement at the start of the 10-month 2022-2023 school year in the 12:1:1 and 15:1:1 classes.

17. A CSE meeting was held on October 20, 2022, in which the CSE kept the same program recommendation of the 12:1:1 and 15:1:1 class despite Parents' concerns regarding Y.B.'s progress in the program. T. 847, Dist. Ex. 7.

18. On December 2, 2022, the Parents submitted a ten-day written notice of their intention to unilaterally place Y.B. at Kulanu Academy, located in Woodmere, NY, and seek tuition reimbursement. Dist. Ex. 38. The Parents notified the District that the 12:1:1 and 15:1:1 classes were inappropriate for Y.B.

19. A CSE meeting was held on December 19, 2022, in which the District failed to ensure the Parents' participation. Dist. Ex. 4. The CSE changed the recommendation to an 8:1:1 class for all core subject areas. Dist. Ex. 4. Y.B. was unilaterally placed by Parents at Kulanu effective December 20, 2022.

**Parents File and Prevail in a Due Process Hearing before Impartial Hearing Officer**

20. On July 3, 2023, Parents filed a due process complaint against the District to seek reimbursement for the cost of tuition at Kulanu. Pl. Ex. A.

21. A Due Process hearing was held before IHO Lassinger over 6 days between November 27, 2023, and December 18, 2023.

22. On March 8, 2024, IHO Lassinger issued a decision in Case Number 601910.

23. Based on the these and other facts developed at the Due Process Hearing, IHO Lassinger concluded that the District did not meet its burden of demonstrating that it offered Y.B. a FAPE for the 2022-2023 school year. IHO Dec. at p.28. The IHO found that the December 2022 IEP was rendered invalid because the CSE significantly impeded the Parents' opportunity to participate in the decision-making process by convening without them. IHO Lassinger found that the August 2022 IEP was not appropriate because it did not provide Y.B. with the small, structured class, with instruction in socialization skills, which he required. *Id.* at p.30. IHO Lassinger further found that the August 2022 IEP did not meet Y.B.'s academic and behavioral needs. *Id*. at p.31.

24. IHO Lassinger found that Kulanu was an appropriate unilateral placement and ordered the District to fund or reimburse a portion of tuition and costs associated with Y.B.'s placement at Kulanu for the 2022-2023 school year.

25. IHO Lassinger determined that, due to the contradictory and incomplete record regarding the Parents' financial obligation to Kulanu, a 25 percent reduction in the amount of tuition reimbursement award was warranted. IHO Dec. at p.34-35. As a result of the reduction, IHO Lassinger directed the District to reimburse the Parents $19,000 and to directly pay Kulanu $32,021 for the cost of Y.B.'s attendance at Kulanu for the 2022-2023 school year. *Id.* at p.35.

26. On April 17, 2024, the District filed a Request for Review ("RFR") appealing IHO Lassinger's FOFD to the SRO.

27. The District's appeal sought to overturn IHO Lassinger's finding that the District denied Y.B. a FAPE.

28. The Parents filed an answer and a cross-appeal. The Parents argued that the IHO's determinations that the District failed to offer a FAPE for the 2022-2023 school year and that Kulanu was an appropriate unilateral placement should be upheld. In the cross-appeal, the Parents argued that the IHO erred in reducing the amount of tuition awarded by 25 percent. The Parents also argued that the IHO failed to rule on all issues raised in the due process complaint, including, but not limited to, procedures related to a transfer student, and whether or not an 8:1:2 special class was available at the time of the August and October 2022 CSE meetings.

**SRO Issues an Erroneous Decision Reversing IHO Lassinger's Finding that the District Denied a FAPE to Y.B.**

29. On June 13, 2024, SRO Sarah L. Harrington ("SRO Harrington") issued a decision in the District's appeal. *See* SRO Dec. No. 24-130.

30. In SRO 24-130, SRO Harrington erroneously ordered that IHO Lassinger's FOFD be modified by reversing those portions which found that the District denied the student a FAPE for the 2022-2023 school year. SRO Harrington also erroneously found that Parents are not entitled to reimbursement for the cost of Y.B.'s tuition at Kulanu for the 2022-2023 school year.

31. SRO Harrington stated that, since there were multiple IEPs created during the 2022-2023 school year, there is a need to determine which IEP should be treated as the operative IEP for purposes of assessing the District's offer of a FAPE. The SRO determined that

October 2022 IEP was the operative IEP in place at the time of the Parents' placement decision since the Parents made the decision to place Y.B. at Kulanu in December 2022 and provided a notice to the District in December. The SRO determined that IHO Lassinger erred in determining that the August 2022 IEP was the operative IEP. SRO Dec. at p.9. In ruling that the IHO's determination the operative IEP was an error, the SRO stated that the IHO erroneously relied on retrospective evidence about Y.B.'s performance under the August 2022 IEP to assess the recommendations. Id at p.9, n.6. The SRO erroneously ruled that the October 2022 IEP was the operative IEP and that the determination of a FAPE depends solely on the October 2022 IEP.

32. The SRO erred in ruling that the question of whether the District appropriately convened the December 2022 IEP is unnecessary since October 2022 was the operative IEP in this case. SRO Dec. at p.10.

33. The SRO erred in ruling that August 2022 IEP was superseded by the October 2022 IEP. *Id.* at p.10. The SRO's ruling was erroneous in this regard since each IEP is independent and the SRO should have reviewed each IEP and should have determined the appropriateness of each IEP separately.

34. SRO Harrington erred when she ruled that there is no need to determine the appropriateness of July and August 2022 IEPs because the Parents are not seeking any other relief except for tuition reimbursement for the period from December 2022 through June 2023. SRO Dec. at p.10. The SRO failed to consider that the reason the Parents removed Y.B. from the District's placement in December was because the District failed to recommend an appropriate program through their various IEPs from July through December 2022. The SRO should have considered the appropriateness of each IEP and

should have determined whether the District offered a FAPE to Y.B. at every CSE meeting.

35. SRO Harrington erred in failing to rule on the appropriateness of the summer program offered by the District during the summer of 2022. Except for the testimony of Ms. Salerno, no progress reports or other documents were submitted by her to the August CSE meeting. T. 281-282.

36. SRO Harrington failed to rule on the appropriateness of the evaluations conducted by the District during the summer of 2022.

37. SRO Harrington's determination that the student did not require a formal functional behavior assessment ("FBA") and a behavior intervention plan ("BIP") was inappropriate. The SRO simply cited to the testimony presented by Y.B.'s counselor and psychologist without specifically ruling whether such testimony had credibility or whether the witnesses' reasoning for not conducting the FBA and a BIP was valid. Y.B. engaged in various behavioral and executive functioning issues in the classroom and required a formal FBA and a BIP.

38. SRO Harrington erred in ruling that the annual goals recommended in the August 2022 IEP were appropriate. There were a number of procedural and substantive issues with the annual goals in all of the IEPs developed by the District.

39. SRO Harrington erred in ruling that the Parents were in agreement with the program being offered at the August 2022 CSE meeting. Specifically, the SRO appeared to state that the Parents were in agreement with the 15:1:1 class. SRO Dec. at p.17. However, the Parent testified that she did not know that the CSE was recommending the 15:1:1 class at the August 2022 CSE meeting and there was no mention of such a placement

recommendation. T. 837-838. The first time the Parents learned of the placement in the 15:1:1 class was at the back-to-school night in September. T. 838. The evidence establishes that the 15:1:1 class was recommended because it was programmatic for students who were placed in the 12:1:1 class. T. 489. In addition, the 15:1:1 class is inappropriate because the curriculum in such class is designed for students on the Regents track or who are studying the general education curriculum. T. 621, 626, Dist. Ex. 25. The educational evaluation demonstrated that Y. B. was functioning at less than 0.1 percentile in reading, writing and math. Dist. Ex. 14. Such low academic levels demonstrate that Y.B. is not capable of being placed in a class in which the class is following a grade level curriculum. The pace of the class and difficulty of the subjects taught in such classes are beyond what Y.B. can handle.

40. SRO Harrington erred in ruling that the program and placement recommended in the October 2022 IEP was appropriate. SRO Dec. at p.17-23. The CSE continued to recommend the inappropriate 12:1:1 and 15:1:1 classes even though there was significant evidence that Y.B. was not making progress in such classes.

41. SRO Harrington erred in ruling that the present level of performance section of the October 2022 IEP was appropriate. SRO Dec. at p.18. The present level of performance section failed to state that Y.B. was struggling in the classes and had difficulty keeping up with the pace of instruction being provided in such classes.

42. SRO Harrington erred in ruling that the annual goals contained in the October 2022 IEP were appropriate. SRO Dec. at p.18-19. The evidence demonstrates that there were numerous procedural errors in developing the annual goals and the annual goals were substantively inappropriate.

43. SRO Harrington erred in ruling that October 2022 CSE decision to not conduct an FBA or develop a BIP was appropriate. SRO Dec. at p. 19-20. There is evidence that Y.B. was exhibiting increased behavioral issues in the 12:1:1 and 15:1:1 classes. T. 237-40, 574-75.

44. SRO Harrington erred in ruling that the October 2022 IEP appropriately addressed Y.B.'s behavioral needs. The October 2022 IEP did not include social, emotional and behavioral goals. The lack of goals, in addition to the fact that no FBA and BIP were developed, make the October 2022 IEP inappropriate.

45. SRO Harrington erred in ruling that Y.B. did not need assistive technology device or services. SRO Dec. at p.21. Except for the Chromebook, the District failed to evaluate for a need for assistive technology and failed to provide other technology tools to assist Y.B. in his classes.

46. SRO Harrington erred in ruling that both the August 2022 and October 2022 IEPs were reasonably calculated to confer educational benefit at the time they were written. SRO Dec. at p. 24. By the time of the August CSE meeting, Y.B. had already spent the months of July and August in the District's program. There was evidence that he was functioning much better in smaller 8:1:1 class that was being provided during the summer. Instead of continuing the program or offer something similar, the District placed Y.B. in much bigger classroom settings. Specifically, the program recommendation of the 15:1:1 class absolutely was not reasonable in light of Y.B.'s academic, behavioral and executive functioning levels. By the time of the October 2022 CSE meeting, the teachers and parents were in agreement that the program was not working for Y.B. Instead of at least removing the 15:1:1 class from his schedule, the October CSE failed to change anything

in the IEP. Such failures were in clear violation of Y.B.'s rights to obtain appropriate education by the District every single day within the District.

47. SRO Harrington failed to consider the issue of whether a seat was available to Y.B. in an 8:1:2 class. IHO Lassinger had correctly ruled that the District did not have a seat to offer Y.B. in the program which was recommended and it was not certain if or when that seat would become available.

48. SRO Harrington failed to consider the issue of whether the District committed procedural and substantive violations of a FAPE when Y.B. transferred form NYC DOE to the District.

49. SRO Harrington failed to consider the issue of whether the frequency of pull-outs from the classes was appropriate for Y.B. He was recommended with nine pull-out sessions of related services per week which would cause disruption in getting education within the classroom in the core subject areas.

50. SRO Harrington failed to consider the issue of whether the District should have recommended ABA services for Y.B. He engaged in behavioral issues and ABA services would have been appropriate to address his needs.

51. SRO Harrington failed to consider whether the functioning levels of the other students in the 12:1:1, 15:1:1 and 8:1:2 classes were similar to Y.B. Specifically, the SRO failed to consider the issue of whether Y.B. was similar to students in the 15:1:1 class. Based upon evidence presented at the hearing, the students in the 15:1:1 classes were functioning at much higher academic levels compared to Y.B.

52. SRO Harrington failed to rule on the issue of whether Y.B. made academic, social, and emotional progress in the District's program during the time he attended the District's program from July 2022 through December 2022.

53. SRO Harrington failed to rule on the issue of whether the District provided a copy of the December 2022 IEP to the Parents. The Parents alleged that the District failed to provide a copy of the IEP to the Parents until the impartial hearing took place.

54. SRO Harrington also erred by failing to issue a finding on the appropriateness of Kulanu for Y.B. during the 2022-2023 school year,.

55. SRO Harrington failed to issue a ruling on whether equitable considerations supported Parents' request for relief. IHO Lassinger correctly ruled that equities favor the Parents. However, the Parents disagree with IHO Lassinger's decision to reduce the tuition amount reimbursement because the record was not clear regarding the Parents' financial obligations for tuition payment. There is a signed enrollment contract in evidence that demonstrates that the Parents had full financial obligation to pay the full tuition amount at Kulanu.

## CAUSE OF ACTION

### COUNT I
### Denial of FAPE
### Individuals with Disabilities Education Act and
### Article 89 of the New York State Education Law

56. Plaintiffs reiterate, repeat and reaffirm each allegation set forth above as if fully set forth herein.

57. Defendant failed to develop and provide Y.B. a FAPE with an IEP reasonably calculated to enable Y.B. to receive educational benefits for the 2022-2023 school year. 20 U.S.C. 1400, *et seq*.

58. IHO Lassinger correctly held that the District violated the IDEA by failing to provide him a FAPE for the 2022-2023 school year.

59. SRO Harrington erred by reversing IHO Lassinger's FOFD.

60. SRO Harrington erred in finding that the District offered Y.B. a FAPE for the 2022-2023 school year.

61. SRO Harrington erred by failing to affirm IHO Lassinger finding that Kulanu was an appropriate unilateral placement for Y.B. for the 2022-203 school year.

62. SRO Harrington erred by failing to affirm IHO Lassinger's finding that equitable considerations favored an award of public funding of costs related to Y.B.'s enrollment at Kulanu for the 2022-2023 school year.

63. IHO Lassinger's ruling that a reduction in the tuition reimbursement amount is warranted should be reversed and the Parents should be granted the full tuition reimbursement amount at Kulanu for the 2022-2023 school year.

**RELIEF**

WHEREFORE, Plaintiffs respectfully requests that this Court:

a. Enter Judgment:
   i. Vacating and reversing SRO Harrington's decision in its entirety,
   ii. Reaffirm IHO Lassinger's FOFD as it relates to the finding that the District failed to provide a FAPE to Y.B. for the 2022-2023 school year.
   iii. Reaffirm IHO Lassinger's FOFD as it relates to the finding that Kulanu Academy was an appropriate placement for the 2022-2023 school year.
   iv. Reaffirm IHO Lassinger's FOFD as it relates to the finding that equities favor the Parents
   v. Reverse IHO Lassinger's FOFD as it relates to the finding that a reduction in the tuition reimbursement amount is warranted.
   vi. Declaring that Defendant violated Y.B.'s right to a FAPE under the IDEA and New York Education Law.

b. Award to Plaintiffs their costs and attorneys' fees as "prevailing parties"; and

c.  Grant such other, further and different relief as this Court may deem just, proper, and equitable.

Dated: October 12, 2024
       Nassau County, New York

Respectfully Submitted,

Law Offices of Susan J. Deedy & Associates
*Attorneys for Plaintiffs*

By: _____
S. Fahad Qamer (4291571)
*Of Counsel*
1600 Stewart Avenue, Suite 609
Westbury, NY 11590
516-221-8133